

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
12/17/2007

| | | |
|---|---|---|
| **IN RE:** | § | |
| **CHARLES A WATSON** | § | **CASE NO: 04-46189** |
| **Debtor(s)** | § | |
| | § | **CHAPTER  7** |
| | § | |
| **LOWELL T CAGE CH 7 TRUSTEE** | § | |
| **Plaintiff(s)** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 07-3328** |
| | § | |
| **CHARLES A WATSON** | § | |
| **Defendant(s)** | § | |

**MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS**

This adversary proceeding was commenced by the Chapter 7 Trustee on July 13, 2007.

On August 13, 2007, Watson filed his motion seeking (among other things) to dismiss the

adversary proceeding pursuant to Rule 7012(b).   The Court agrees with the substance of

Watson's motion to dismiss.  However, the Fifth Circuit mandates that the Court give a litigant

the opportunity to replead his cause of action unless there is no hope that a cause of action can be

stated.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th

Cir. 2002).  Accordingly, and for the reasons set forth below, the Court grants the Trustee leave

to replead his complaint.  Should the Trustee choose not to replead as set forth in this order,

Watson's motion to dismiss will be granted.   The Court has jurisdiction of this proceeding

pursuant to 28 U.S.C. § 1334.  This is a core proceeding under 28 U.S.C. § 157.

*Background*

Watson filed chapter 11 bankruptcy on November 10, 2004.  His case was converted to a

case under chapter 7 on December 16, 2004.  Following the § 341 meeting, the Trustee timely

objected to Watson's claimed exemptions.  That objection was settled.  As part of the settlement,

the Chapter 7 Trustee agreed not to file an objection to the debtor's discharge under § 727. The compromise was approved by order entered on June 22, 2005. At that time, the Trustee had three days remaining within which he could have filed an objection to Watson's discharge.

The Chapter 7 Trustee now seeks to vacate the compromise agreement and to revive his right to seek to bar the debtor's discharge under § 727(a). In his complaint, the Chapter 7 Trustee alleges that Watson committed post-petition breaches of his duties as a chapter 7 debtor. Specifically, the Trustee alleges that Watson failed to schedule his partnership interests in First Bunny Luv Partnership and in the law firm of Simon Peragine. In addition, the Trustee alleges that Watson was paid, but failed to disclose, a $50,000 post-petition referral fee by Simon Paragine.

Therefore, although the deadline to object to Watson's discharge has expired, the Trustee argues that Watson should be estopped from asserting Bankruptcy Rule 4007(c)[1] as a defense and that equitable tolling should allow the Trustee to proceed with his complaint.[2] Watson has filed a motion to dismiss arguing that because the deadline established in Rule 4004(a) for discharge objections has expired, the Trustee is now barred from seeking such relief.

### *Analysis*

Bankruptcy Rule 4004(a) mandates that any objection to discharge filed pursuant to § 727(a) must be filed not later than 60 days after the first date set for the § 341(a) meeting of creditors. FED. R. BANKR. P. 4004(a). Generally, this time limit is strictly applied. *In re Chalasani,* 92 F.3d 1300 (2nd Cir. 1996). *See also Taylor v. Freeland & Kronz,* 503 U.S. 638,

---

[1] The Court assumes that the Trustee intended to refer to Rule 4004 rather than Rule 4007.

[2] The initial deadline to object to discharge was March 28, 2005. The deadline was extended twice by agreed order, and once over Watson's objection. The final extension, by request of the United States Trustee, set the deadline on August 31, 2005.

643-45 (1992).  The Court may grant an extension of the deadline, but only if the deadline has not already expired.  FED. R. BANKR. P. 4004(b).

This Court previously granted an extension of the deadline.  The extension allowed the United States Trustee to timely object to Watson's discharge.  However, the complaint was dismissed and no further objection was timely filed.  Therefore, in this case, it is undisputed that no objection to discharge under § 727(a) was in existence when the extended deadline expired.

Equitable tolling applies "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Flores v. Quarterman*, 467 F.3d 484, 487 (5th Cir. 2006) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999)).  It is arguable that Watson's alleged behavior falls under this application.  However, for the reasons set forth below, this Court finds that in this proceeding the 60-day deadline set forth in Rule 4004 is not subject to equitable extensions.

The Court will begin with an analysis of the text of the rules.

The discharge rules, such as Rules 4004 and 4007, serve three purposes: "First, they inform the pleader, *i.e.,* the objecting creditor, of the time he has to file a complaint.  Second, they instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements.  Third, they afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) limits." *Kontrick v. Ryan,* 540 U.S. 443, 456 (2004).  These Rules have been considered necessary so that the "participants in bankruptcy proceedings be assured that, within the set period of 60 days, they can know which debts are subject to an exception to discharge."  *In re Dunlap*, 217 F.3d at 315 (citing *Neeley v. Murchison*, 815 F.2d 345, 346 (5th Cir. 1987)). "[T]his fixed, relatively short limitation period enables the debtor and creditors to

3

make better-informed decisions early in the proceedings." *Id.* (citing *Neeley* 815 F.2d at 346-47).

Rule 4004(a) is explicit in its provision that a complaint objecting to the debtor's discharge "shall be filed no later than 60 days set for the meeting of creditors under § 341(a)." FED. R. BANKR. P. 4004(a). In 1999 this rule was amended to its current form. The amendment was intended to erase ambiguity over the exact date when the deadline to object to discharge began running. The prior rule read that a complaint objecting to discharge must be filed not later than "60 days following the first date set for the meeting of creditors *held* pursuant to § 341(a)." FED. R. BANKR. P. 4004(a) (1998). The word "held" was deleted to clarify that the deadline runs from the date the § 341 meeting is set rather than from when the meeting actually occurs. 9 COLLIER ON BANKRUPTCY, ¶ 4004.02[1] (15th ed. 2006) (citing FED. R. BANKR. P. 4004 advisory committee note). The Rule is now unambiguous.

A party in interest, however, is not without a remedy to seek an extension of this deadline. The Rule itself provides a procedure for additional time to object to a debtor's discharge. It states, "[o]n motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge. The motion shall be filed before the time has expired." FED. R. BANKR. P. 4004(b). Recently, the Supreme Court determined that Rule 4004 is not jurisdictional and that "a debtor forfeits the right to rely on Rule 4004 if the debtor does not raise the Rule's time limitation before the bankruptcy court reaches the merits of the creditor's objection to discharge." *Kontrick*, 540 U.S. at 447.

Rule 4004(b) is reinforced by Bankruptcy Rule 9006(b)(3). Rule 9006(b)(3) provides for enlargement of the time for taking action under Rule 4004(a) "only to the extent and under the conditions stated in [that rule]." FED. R. BANKR. P. 9006(b)(3). Accordingly, Rule 9006(b)(3)

4

expressly limits the Court's authority to extend the Rule 4004(a) deadline to only that as set forth in Rule 4004(b).

This express limitation appears doubly restrictive when read in conjunction with Rule 9006(b)(1).  Rule 9006(b)(1) provides that except as set forth in (b)(2) and (b)(3), the court may, for cause and at its discretion, enlarge a time provision set forth in the Rules when … the failure to act was based on "excusable neglect."  FED. R. BANKR. P. 9006(b)(1).  By the omission of (b)(3) from (b)(1), clearly, "excusable neglect" is not an excuse to request an extension of the deadline set forth in Rule 4004.

Although "excusable neglect" does not generally invoke the principles of equitable tolling, the Supreme Court has noted that in the context of Rule 9006, evaluating "excusable neglect" "entails a correspondingly equitable inquiry."  *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380 (1993).  The context the Court references is that Rule 9006(b)(1) addresses late filing of proofs of claim in Chapter 11 cases.  *Id.* at 389.  The Court noted that in Chapter 11 proceedings, unlike in Chapter 7 proceedings, "bankruptcy courts are necessarily entrusted with broad equitable powers to balance the interest of the affected parties, guided by the overriding goal of ensuring the success of the reorganization."  *Id.* (citing *Nat'l Labor Relations Board v. Bildisco and Bildisco*, 465 U.S. 513, 527-28 (1984)).

The Court found that "excusable neglect" in Rule 9006 should not be limited only to circumstances beyond a petitioner's control.  *Id.*  In doing so, the Court recognized a "natural meaning" of "neglect" and found that the determination of what is considered "excusable" is at the "bottom of an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission."  *Id.* at 395.  Such factors to consider include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for

the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (citing *In re Pioneer Inv. Servs. Co.*, 943 F.3d 673, 677 (6th Cir. 1991)).   The Court notes that the last two listed factors particularly invoke an equitable determination for matters falling under Rule 9006(b)(1).

Rule 9006(b)(3), in contrast, specifically limits any enlargement of time to object to a debtor's discharge to that stated in Rule 4004.  There is no allowance for "excusable neglect" or any other similar standard.

In 1987, the Fifth Circuit issued its ruling in *Neeley v. Murchison*, 815 F.2d 345 (5th Cir. 1987).[3]  In *Neeley*, the creditor had notice of the bankruptcy proceeding, but was not informed, due to clerk's mistake, of the deadline to object to Debtor's discharge.  *Id.*  Despite defective notice, the Fifth Circuit strictly enforced the 60-day time period for filing a nondischargabiliy complaint.  *Id.*  Since *Neeley*, the Fifth Circuit has continued to deny equitable extensions of the time limits for objecting to discharge.  *See e.g. Ramos v. Compton (In re Compton)*, 891 F.2d 1180, 1184 (5th Cir. 1990) (affirming bankruptcy court's dismissal of creditor's complaint objecting to discharge where creditor had actual knowledge of the bankruptcy, but no official notice of the bankruptcy or the deadline to object);  *Grossie v. Sam (In re Sam)*, 894 F.2d 778 (5th Cir. 1990) (finding that a creditor's due process rights were not violated when its complaint objecting to discharge based on a claim under 42 U.S.C. § 1983 was dismissed as untimely even though the creditor only learned of the bankruptcy 18 days prior to expiration of the bar date);  *See also In re Mendel*, 351 B.R. 449, 454 (Bankr. S.D. Tex. 2006) (citing *KBHA Broad. Co. v. Sanders*, 226 B.R. 627, 630 (8th Cir. BAP 1998)) ("Federal Rule of Bankruptcy Procedure

---

[3]  *In re Rychalski*, 318 B.R. 61 (Bankr. D. Del. 2004), stated that *Neeley v. Murchison*, 815 F.2d 345 (5th Cir. 1987), was decided on the basis that Rule 4007 was jurisdictional.  This Court respectfully disagrees with such a conclusion.  After review, this Court finds that the decision in *Neeley* focused on the limits of equitable extensions of the Rule 4007(c) deadline.  815 F.2d 345.

4004(a), which provides a strict deadline for filing an objection to discharge, has been strictly construed").

      *State Bank & Trust, N.A. v. Dunlap (In re Dunlap)*, 217 F.3d 311 (5th Cir. 2000) is particularly instructive.[4]  The Debtor in *Dunlap* filed bankruptcy on July 3, 1997.  *Id.* at 312.  The deadline for filing nondischargeability complaints was set for October 10, 1997.  *Id.*  The bankruptcy case was dismissed by Debtor's motion on September 15, 1997.  *Id.* at 313.  After creditors moved to vacate the dismissal as "premature and in violation of the due process safeguards mandated by the Bankruptcy Code," the Court reinstated the case on December 2, 1997, and a new date for the first meeting of creditors was set for February 6, 1998.  *Id.*  Creditors, Sentry and State Bank, individually, filed complaints objecting to discharge on March 31, 1998, and April 2, 1998, respectively.  *Id.*  Debtor argued the complaints were time-barred. *Id.*

      Debtor asserted that the dismissal and reinstatement of the case should have no effect on Rule 4007(c) which strictly demands that the 60-day period runs from the original creditor's meeting.  *Id.*  Under the circumstances of the case, the Fifth Circuit rejected this argument finding that, if accepted, the bar date would have passed during the time in which the case was dismissed.  *Id.* at 315.  The Court found that such a rule would "precipitate a barrage of prophylactic filings… and would thus burden both creditors and the courts with unnecessary expense and effort."  *Id.*  The Court likewise rejected a tolling rule which was applied by the

---

[4] The Court in *Dunlap* was faced with interpreting and applying the deadlines stated in Rule 4007(c) for filing a complaint to determine the dischargeability of a debt pursuant to § 523(c).  *In re Dunlap*, 217 F.3d 311 (5th Cir. 2000).  Rule 4007(c) states that such a complaint "shall be filed no later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)"  *Id.* (citing FED. R. BANKR. P. 4007(c)).  Because of the similarity between Rule 4004(a) and Rule 4007(c), the Court finds it is appropriate to look to cases construing Rule 4007(c) to determine the limits of Rule 4004(a).  *See e.g. Kontrick v. Ryan*, 540 U.S. 443, 448 n.3 (2004) ("Because of the practical identity of the time prescriptions for objections to the discharge of any debts under § 727(a) and for objections to the discharge of particular debts under § 523(c), courts have considered decisions construing Rule 4007(c) in determining whether the time limits delineated in Rules 4004(a) and (b) may be forfeited.")

district court.  *Id.* at 316.  A tolling rule, the Court stated, was inconsistent with the Bankruptcy Code and Rules and prior decisions of the Court.  *Id.*  In addition, the Court found that such a rule would fail to comply with the purpose of Rule 4007(c) which is to establish a "fixed, relatively short limitation period for creditors to act."  *Id.* (quotations omitted).

Accordingly, the Court concluded that it was necessary to reset the 60-day period once the case was reinstated.  *Id.* at 317.  In reaching its holding, the Court stressed that it was necessary for a "bright-line" rule to allow for informed decision making by the debtor and creditors.  *Id.* at 316-17 ("It is difficult to see how … [a tolling rule] … could possibly comport with the purpose of Rule 4007(c) to allow informed decision making early in the proceedings") ("[A]pplication of the *Coston*[5] rule best preserves the integrity of the 60-day period . . . facilitates informed decision making by creditors, and allows creditors sufficient unequivocal information to calculate the bar date with certainty") ("[A] bright-line rule based on the new first meeting of creditors eliminates creditor guesswork").

The Court finds the principles of *Dunlap* applicable in this proceeding.  The purpose of a Chapter 7 is for the "prompt closure and distribution of the debtor's estate," and to "efficiently [administer] the liquidation of the estate for the benefit of creditors."   *Pioneer Inv. Servs. Co.*, 507 U.S. at 389; *In re Reed*, 405 F.3d 338, 341 (5th Cir. 2005) (citing *In re Glados*, 83 F.3d 1360, 1365 (11th Cir. 1996)).  One of the means of carrying out this purpose is through the discharge rules.  To object to a debtor's discharge, parties in interest must do so within 60 days of the date set for the creditor's meeting.  FED. R. BANKR. P. 4004(a).  The Rules limit extensions of this deadline only as set forth therein.  FED. R. BANKR. P. 9006(b)(3).

---

[5] The *Coston* rule holds that the "60-day period for filing nondischargeability complaints [does] not run from the scheduled date of the first meeting of creditors where the proceedings are stayed due to pendency of a related action in another state case."  *Dunlap*, 217 F.3d at 315 (citing *Coston v. Bank of Malvern*, 987 F.2d 1096 (5th Cir. 1992)).

In this proceeding, the Trustee had knowledge of the deadline, investigated Watson's affairs and chose to enter into a compromise agreement and not request additional extensions of the deadline to object to Watson's discharge. *Dunlap* is clear. 217 F.3d 311. The Fifth Circuit discouraged equitable tolling and emphasized the necessity for a bright-line rule. Accordingly, the Court will not toll the Rule 4004(a) deadline. Therefore, because the substance of the Trustee's complaint is reliant upon tolling the Rule 4004(a) deadline, the Court agrees with Watson's motion to dismiss and finds little merit in the Trustee continuing to prosecute his motion to vacate. However, this adversary proceeding is not dismissed.

The Bankruptcy Code may provide other remedies to the Trustee. It is the availability of this potential remedies that prompts the Court to order repleading rather than dismissal. The Code provides the Trustee with the ability to bring a claim for the *revocation* of a debtor's discharge if a debtor obtained his discharge through fraud or if the debtor received property of the estate and either did not disclose or deliver the property to the Trustee. 11 U.S.C. §§ 727(d)(1)[6] and (2). Apparently, because a discharge has not yet been entered in Watson's bankruptcy case, the Trustee has not asserted a cause of action to *revoke* a discharge. The Court finds, however, that pursuant to the Supreme Court's recent opinion, *In re Marrama*, 127 S.Ct. 1105 (2007), the proper course of action is to allow the Trustee to replead under § 727(d) rather than dismiss the current proceeding.

The facts of *Marrama* are instructive. Mr. Marrama filed a chapter 7 bankruptcy petition in bad faith. *Id.* at 1108. His schedules were misleading. *Id.* The Chapter 7 Trustee discovered some undisclosed property and sought to recover the property for the benefit of the estate. *Id.* Marrama then sought to invoke his statutory conversion right under 11 U.S.C. § 706(a) to

---

[6] The Court recognizes that § 727(d)(1) appears to preclude the Trustee from asserting a cause of action for fraud if the fraud is discovered prior to the entry of the discharge. This issue is discussed in detail in the text below.

convert his case to a chapter 13 bankruptcy.  *Id.*  On its face, § 706(a) provides an absolute right of conversion. The bankruptcy court, however, denied Marrama's request.  *Id.* at 1109.

As set forth by the Supreme Court, many bankruptcy courts had allowed a chapter 7 debtor to convert to chapter 13 and then immediately "re-converted" the case back to chapter 7 pursuant to § 1307(c) which allows for dismissal or conversion to chapter 7 "for cause."[7]  *Id.* The Supreme Court held that the bankruptcy court acted properly when it denied the conversion. 127 S. Ct. 1105.  In its holding, the Supreme Court saw no reason for a bankruptcy court to follow a multi-step administrative process, only to conclude where the process had started.  *Id.* The Supreme Court approved the bankruptcy court's use of its equitable powers to reach the correct result.  *Id.* at 1111 – 12.

Prior to *Marrama,* Judge Steen of the Southern District of Texas had similarly refused to allow a chapter 13 discharge to proceed when the Debtor's entitlement to the discharge was obtained in bad faith.  *In re Thomas,* 337 B.R. 879 (Bankr. S.D. Tex. 2006), *aff'd,* 223 Fed. Appx. 310 (5th Cir. 2007).  *Thomas* was affirmed by both the District and Circuit Courts.  When Judge Steen determined that the debtors had obtained confirmation of their chapter 13 plan by fraud, he vacated the confirmation order.  *Id.*  Had the confirmation order not been vacated, the debtors would have been entitled to a chapter 13 discharge.  *Id.*  In affirming Judge Steen's ruling, the Fifth Circuit noted that the time bar for vacating a confirmation order is 180-days after entry of the order.  *In re Thomas*, 223 Fed. Appx. at 313.  However, the Fifth Circuit also noted that "'Bankruptcy Courts are courts of equity,' *Nikoloutsos v. Nikoloutsos (In re Nikoloutsos),* 199 F.3d 233, 236 (5th Cir.2000), and 'a court of equity is enabled to frustrate

---

[7] Section 1307(c) provides a list of behaviors sufficient to satisfy the "cause" requirement justifying conversion or dismissal.  *Id.* Although none of the causes listed include pre-ptition bad-faith conduct, as noted by the Supreme Court, bankruptcy courts "routinely treat dismissal for pre-petition bad-faith conduct as implicitly authorized by the words 'for cause'."  *Marrama v. Citizens Bank of Mass. (In re Marrama)*, 127 S. Ct. 1105, 1110-11 (2007).  Pre-petition bad-faith conduct includes "fraudulent acts committed in an earlier Chapter 7 proceeding."  *Id.* at 1111.

fraud and work complete justice.' *Tex. Co. v. Miller*, 165 F.2d 111, 116 (5th Cir.1947)." *Id.* The Fifth Circuit then concluded that "Debtors have no right to the discharge of a debt that is included in their plan only through fraudulent and misleading filings with the bankruptcy court." *Id.* at 314.

This Court is confronted with an extraordinarily similar situation. Watson's discharge has not yet been issued, but the Chapter 7 Trustee alleges present knowledge of fraudulent conduct. Under the principles of *Marrama* and *Thomas,* this Court finds it unnecessary to first allow an entry of the discharge and then consideration under § 727(d). The Trustee, therefore, is granted immediate leave to amend his complaint.

The Court recognizes, however, that as to a § 727(d)(1) cause of action, a unique issue is presented based on the time period during which the Trustee purports to have discovered the alleged fraud. Section 727(d)(1) states that the court shall revoke a discharge granted if "such discharge was obtained through fraud of the debtor, and the requesting party *did not know of such fraud until after the granting of such discharge*." 11 U.S.C. § 727(d)(1) (emphasis added). In this case, the Chapter 7 Trustee alleges that he learned of Watson's malfeasance *after* the expiration of the Rule 4004 deadline but *before* the entry of Watson's discharge. The Trustee, therefore, appears to have gained knowledge of the fraud within a "gap period" for which the Bankruptcy Code fails to provide a remedy.

Although the Southern District of Texas implicitly recognizes that one of the requirements for a trustee to prevail on a § 727(d)(1) cause of action is that "the party requesting the revocation did not know of the debtor's fraud until after the discharge was granted," the issue of the result created by the "gap period" has yet to be considered. *See U.S. v. Harrison*, 366 B.R. 656, 660 (S.D. Tex. 2007).

11

This same situation, however, was confronted by the Second Circuit in *In re Emery,* 132 F.3d 892 (2d Cir. 1998).  In *Emery*, the bar date to bring a dischargeability complaint in Debtor's bankruptcy proceeding was September 10, 1991.  *Id*. at 893.  Debtor was granted a discharge on November 29, 1991.  *Id.*  Citibank, a creditor in the case, was deemed to have constructive notice of Debtor's alleged fraud on November 18, 1991.  *Id.* at 894.  Citibank, therefore, knew of Debtor's fraud after the Rule 4004 bar date, but before the discharge was entered.   The bankruptcy court dismissed Citibank's complaint to revoke discharge under § 727(d) on the theory that § 727(d) "foreclosed relief because Citibank had knowledge of Emery's fraud prior to the Discharge Date."[8]  *Id.* at 894.  The District Court reversed and found that the dismissal of Citibank's complaint was inappropriate.[9]  The Second Circuit agreed with the District Court and stated:

> It is true that the plain language of § 727(d) would ordinarily preclude a suit to revoke a discharge where a creditor had knowledge of fraud prior to the applicable discharge date. *Ginsberg*, 164 B.R. at 876. The Supreme Court has stated that "as long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240-41, 109 S.Ct. 1026, 1029-30, 103 L.Ed.2d 290 (1989). However, the Court also made clear in *Ron Pair* that a court may depart from the plain language if "literal application of the statute will produce a result demonstrably at odds with the intentions of [the statute's] drafters." *Id.* at 242, 109 S.Ct. at 1030-31.

---

[8] The bankruptcy court also found that Citibank was "not entitled to equitable relief because [it] should have sought an extension of time pursuant to Rule 4004(b) in which to object to discharge under § 727(c)."  *In re Emery*, 132 F.3d 892, 894 (2d Cir. 1998).  The Second Circuit disagreed with the bankruptcy court's consideration of Citibank's failure to seek an extension of time under Rule 4004.  *Id.* at 896.  The Court stated that "a rule barring a creditor for failing to seek an extension of the bar date in those circumstances would pressure creditors to move for precautionary extensions of the bar date based on the slightest suspicion, and thus interfere with the Bankruptcy Code policy in favor of a prompt discharge for deserving debtors."  *Id.* Such an issue is not a consideration in this proceeding.

[9] According to the Circuit Court, the District Court held that "if knowledge of fraud was obtained in the period after the Bar Date but before the Discharge Date (the Gap Period), the Discharge Date should be imputed back to the Bar Date so that the court's ministerial delay in granting a discharge did not create an unintended period of immunity for fraudulent debtors."  *In re Emery*, 132 F.3d at 894.

… [W]e do not believe that Congress intentionally drafted a statute to punish fraudulent conduct by debtors that at the same time provides a period of immunity for such debtors. We agree that the literal application of § 727(d) here cannot have been intended by Congress and the Supreme Court. *See, e.g.*, *In re Dietz*, 914 F.2d 161, 164 (9th Cir.1990) (court acted "consistently with the spirit of the bankruptcy rules," which contemplate immediate discharge after a bar date); *In re Stevens*, 107 B.R. 702, 706 (9th Cir. BAP 1989) ("the rights of parties ... would be unreasonably frustrated, if Rule 4004 were read to create a temporary period when no ... complaint under § 727 could be brought"); *In re Staub*, 208 B.R. 602, 606-7 (Bankr.S.D.Ga.1997) ("rational sense" requires that there be no "safe haven gap period"). Nothing in the Bankruptcy Code itself indicates an intention to create immunity during a gap period. Sections 727(c) and 727(d), taken together, clearly contemplate that diligent creditors will have a remedy against fraudulent debtors.

*Id.*

The Ninth Circuit has also recognized this approach. *In re Dietz*, 914 F.2d 161 (9th Cir. 1990) (affirming the bankruptcy court's consideration of a request to revoke the discharge where the complaint was brought before the court formally entered an order of discharge, but after the time to seek a revocation had expired); *England v. Siriani (In re Stevens)*, 107 B.R. 702 (9th Cir. BAP 1989) (same).

Most courts have followed suit and agreed with the Second and the Ninth Circuits. *See In re Magundayao*, 313 B.R. 175, 180 (Bankr. S.D.N.Y. 2004) (finding creditor was not precluded from filing a complaint to revoke the discharge where the alleged fraud was found after the time to object to a discharge, but prior to the clerk's "non-discretionary duty" of actually issuing the discharge.); *In re Schowengerdt*, No. 02-15715, 2003 WL 2334727 (Bankr. D. Kan. 2004) (permitting complaint to revoke debtor's discharge to proceed, prior to the entry of the discharge, based on trustee's discovery of fraud during gap period); *In re Staub*, 208 B.R. 602 (Bankr. S.D. Ga. 1997) (finding United States Trustee was not barred from bringing a claim to object to debtor's discharge where Trustee received knowledge of the fraud during the gap period); *In re Meo*, 84 B.R. 24 (Bankr. M.D. Pa. 1988) (same); *But see Powell v. First Nat'l Bank of Nashville, Ark. (In re Powell)*, 113 B.R. 512 (W.D. Ark. 1990) (strictly construing Rule 4004 and holding

that a creditor that discovers fraud during the gap period may not file objection to or complaint for revocation of the discharge.); *Employers Mutual Casualty Co. v. Lazenby (In re Lazenby)*, 253 B.R. 536 (Bankr. E.D. Ark. 2000) (finding that "Congress and the Supreme Court have not provided for discharges to be avoided in cases [where fraud was discovered during the gap period].").

This Court agrees with the growing majority and finds that, even though the Trustee's knowledge of the alleged fraud arises before the Discharge Date, the appropriate result is to permit the Trustee to bring a claim to revoke Watson's discharge under § 727(d).[10]

Section 727 and Rule 4004 are clear; (subject to limitations not applicable here) the Court is to "forthwith" grant the debtor a discharge at the expiration of 60 days after the first date set for the meeting of creditors under § 341(a).[11]   11 U.S.C. § 727; FED. R. BANKR. P. 4004(c). Because of the high number of bankruptcy filings, however, a debtor's order of discharge is rarely entered precisely upon the expiration of the 60th day as set forth in Rule 4004(a).[12] Regardless, under the Rules, the entry of the debtor's discharge is to be fairly contemporaneous with the expiration of the Rule 4004(a) deadline.[13]   As other courts have noted, it would certainly violate the spirit of the Code and the Rules to allow the administrative delay, between the expiration of the Rule 4004(a) deadline and the actual entry of discharge, to serve as an

---

[10] The Court reaches this result on the basis that the while the Trustee's knowledge of the alleged fraud arose before the Discharge Date, such knowledge allegedly arose *after* the expiration of the extension of the deadline stated in Bankruptcy Rule 4004.  The Court expresses no view as to the accuracy of this allegation.

[11] Specifically, Rule 4004(c) provides that "[i]n a chapter 7 case, on expiration of the time fixed for filing a complaint objecting to discharge and the time fixed for filing a motion to dismiss the case under Rule 1017(e), the court shall forthwith grant the discharge..." FED. R. BANKR. P. 4004(c).

[12] As of November 30, 2007, within the Southern District of Texas there were 26,783 bankruptcy cases pending, of which 5,043 were Chapter 7 cases.

[13] Indeed, the advisory committee notes to 4004(c) provide that the last sentence of Rule 4004(c) (which allows the Court to delay entry of a discharge on motion from the debtor) was included because "[i]mmediate entry of [the discharge] order after expiration of the time fixed for filing complaints objecting to discharge may render it more difficult for a debtor to settle pending litigation…" FED. R. BANKR. P. 4004(c) advisory committee's notes.

immunity period during which the debtor could freely confess post-filing malfeasance and avoid the adverse consequences of his actions. *See e.g., In re Emery*, 132 F.3d at 894; *In re Staub*, 208 B.R. at 606.

Accordingly, the Trustee may proceed with a complaint to revoke Watson's discharge. Pursuant to the principles of *Marrama*, as set forth above, the complaint may be filed prior to the entry of the discharge. 127 S.Ct. 1105.

### *Conclusion*

The Fifth Circuit has cautioned that a Court that sustains a Rule 12 motion to dismiss should only do so after giving a plaintiff ample opportunity to amend. *Griggs v. Hinds Junior College*, 563 F.2d 179, 180 (5th Cir.1977). Accordingly, the Court will give the Chapter 7 Trustee until January 13, 2008, to amend his complaint in a manner consistent with this opinion. If the Trustee prevails on his § 727(d) cause of action, then the Court will order that no discharge will be issued. If the Trustee fails to file a timely amendment, then this adversary proceeding will be dismissed and the clerk will be instructed to issue Watson's discharge.

Watson's motion to dismiss contains other forms of requested relief, now mooted by this order. Additionally, Watson has sought other forms of relief in various pleadings, all of which (other than his request for sanctions and to remove the Chapter 7 Trustee) are mooted by this order. Accordingly, the balance of Watson's requested relief (other than Watson's request for sanctions and to remove the Chapter 7 Trustee) is denied as moot, without prejudice to Watson seeking similar relief if the Trustee timely amends his complaint.

With respect to Watson's motion for sanctions and to remove the Chapter 7 Trustee, the Court has previously ruled on a similar motion filed by Watson against the United States Trustee. The Court found that Watson's motion against the United States Trustee was wholly without

merit.  If Watson wishes to pursue his sanctions motion and motion to remove, he must file a pleading not later than January 13, 2008, in which he states his intention to proceed.  Such a statement of intention should include factual and legal allegations that comport with Federal Rule of Bankruptcy Procedure 9011.

Signed at Houston, Texas, on December 14, 2007.

MARVIN ISGUR
United States Bankruptcy Judge

16